UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| LINDA S. SOROSKI, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| V. | ) ) | Case No. 4:14CV250NCC |
| LNR PARTNERS, LLC, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the court is Plaintiff's Motion for Remand. (Doc. 10). Defendant LNR Partners, LLC has filed a Memorandum in Opposition. (Doc. 14). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge by written consent of the parties. (Doc. 15). See 28 U.S.C. § 636(c).

On about November 25, 2013, Plaintiff filed this cause of action in the Circuit Court of St. Louis County, Missouri, 13SL-CC04101 (County Case). The pleadings allege damages related to a slip and fall said to have occurred at a local shopping mall. Plaintiff raises state law claims of physical injury, lost wages, and other damages.

On February 12, 2014, Defendant LNR Partners, LLC, (LNR) removed the matter to this federal court, alleging diversity jurisdiction.[1] (Doc. 1). On March 4, 2014, Plaintiff filed her Motion to Remand. (Doc. 10). In her Motion to Remand, Plaintiff argues, among other things, that the matter should be remanded to State court based on LNR's failure to allege the citizenship of all Defendants in the Notice of Removal, particularly the citizenship of each member of

---

[1] Defendant LNR Partners, LLC stated in its Notice of Removal that co-defendants MSCI 2007-IQ13 Retail 5555, LLC and Millard Mall Services, Inc. unanimously consented to the Notice of Removal by LNR Partners, LLC. See Notice of Removal ¶ 3.

LNR's limited liability company (LLC) and that of Defendant MSCI 2007-IQ13 Retail 555, LLC (MSCI). Defendant Millard Mall Services (Millard Mall) is an Illinois corporation, according to Defendant LNR's responsive pleadings. On March 12, 2014, Defendant LNR Partners filed a Memorandum in Opposition. (Doc. 14). Upon careful consideration of the record, remand is warranted.

The Eighth Circuit holds:

> Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). An LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members. GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). To determine jurisdiction, we look to the parties' status at the lawsuit's filing. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004).

OnePoint Solutions, LLC, v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

A party attempting to remove a matter to federal court bears the burden of establishing federal jurisdiction. Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009). If a district court lacks subject matter jurisdiction, then the removed case must be remanded to state court. 28 U.S.C. § 1332(a)(1). A "court is required to resolve all doubts about federal jurisdiction in favor of remand." In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993).

In its Notice of Removal, as a basis for this court's diversity jurisdiction, LNR merely stated that Plaintiff is a resident of Missouri, both LNR and MSCI are Florida LLCs, and Defendant Millard Mall is an Illinois corporation. LNR failed to allege the citizenship of each of its own and MSCI's members. As such, the court finds that LNR's Notice of Removal is defective and that it fails to establish complete diversity jurisdiction.

In its Opposition to Plaintiff's Motion to Remand, LNR resists Plaintiff's position, yet only states that its sole member is another LLC that exists in a chain of single-member LLCs, and the ultimate member in this chain is a Maryland corporation. LNR further states that MSCI's sole member is a bank. Nonetheless, LNR has failed to disclose details of the alleged chain of its single-member LLCs. This is not sufficient. See Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990). As such, the court finds that Defendant LNR has failed to meet its burden to establish federal diversity jurisdiction, and it will, therefore, remand this matter to State court.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 10) is **GRANTED**;

**IT IS FURTHER ORDERED** that this case is remanded to the Circuit Court of St. Louis County, Missouri. An appropriate Order of Remand shall accompany this Order.

Dated this 8th day of April, 2014.

/s/ Noelle C. Collins
UNITED STATES MAGISTRATE JUDGE